FILED

January 13, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:15 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| **DEBORAH SYPH,** | ) **Docket No.: 2015-06-0288** |
| **Employee,** | ) |
| **v.** | ) **State File Number: 36614-2015** |
| **CHOICE FOOD GROUP, INC.,** | ) |
| **Employer,** | ) **Judge Joshua Davis Baker** |
| **And** | ) |
| **AUTO OWNERS INSURANCE,** | ) |
| **Carrier.** | ) |
| | ) |

## ORDER ON EMPLOYER'S MOTION TO DISMISS

The Court convened telephonically on January 5, 2016, for a hearing of the Motion to Dismiss filed by the employer, Choice Food Groups, Inc., pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.14(3) (2015). In its Motion, Choice Foods argued the claim should be dismissed because the Court denied the employee's, Deborah Syph's, claim on compensability grounds following an Expedited Hearing.

There are two main legal issues. The first is whether this Court denied Ms. Syph's claim on compensability grounds. The second is whether the Court should dismiss her claim. For the reasons provided below, the Court finds that it denied Ms. Syph's claim on compensability grounds, and further finds that her claim should be dismissed.

### Relevant Factual Background

The employee, Deborah Syph, is a fifty-three-year-old resident of Davidson County, Tennessee. She filed a Petition for Benefit Determination seeking medical and temporary disability benefits for a back injury she alleged to have suffered in the course and scope of her employment with Choice Foods. Ms. Syph requested an Expedited Hearing. Following the Expedited Hearing, the Court issued an order denying Ms. Syph temporary disability medical benefits. The Court stated the following in its order:

Dr. Law evaluated Ms. Syph and opined that medical causation could not be established. The Workers' Compensation Law presumes the authorized treating physician's opinion on causation is correct unless rebutted by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-102(13)(E) (2014). Ms. Syph provided no contradictory causation opinion. Concerning temporary disability benefits, the Workers' Compensation Law provides that an employer must provide those benefits until the employee reaches maximum medical improvement, so long as the employee can prove an inability to work due to a compensable injury. . . . Ms. Syph cannot show that she suffered a compensable injury.

Without an opinion linking her back condition to her work for Choice Foods, Ms. Syph is unlikely to prevail at a hearing on the merits. The Court denies her claim for temporary disability and medical benefits at this time.

When the Court convened the hearing of Choice Foods' Motion to Dismiss, attorney Michael Haynie argued the motion on Choice Foods' behalf. Despite being given notice of the hearing, Ms. Syph did not participate in the hearing and did not file a written response.[1]

**Analysis**

Tennessee Compilation Rules and Regulations 0800-02-21-.14(3) (2015), or Rule .14(3), provides that, when a claim is denied on grounds of compensability following an Expedited Hearing, the employer may file a motion to dismiss the claim. Rule .14(3) provides a procedural mechanism for the potential dismissal of a workers' compensation claim which, by definition, is tied to a procedure—an Expedited Hearing—that is unique to the Court of Workers' Compensation Claims. As such, a Rule .14(3) motion is distinct from the dismissal mechanisms (motions to dismiss and for summary judgment) provided for in the Tennessee Rules of Civil Procedure. For that reason, the Court finds that a Rule .14(3) motion to dismiss is an alternate procedure as contemplated by Tennessee Code Annotated section 50-6-239(c)(1) (2015), and that the standards and procedures applied to motions to dismiss or motions for summary judgment under the Tennessee Rules of Civil Procedure do not govern the determination of a Rule .14(3) motion.

Essentially, Rule .14(3) provides a procedural mechanism by which an employer can force an injured worker to address the evidentiary inadequacies that resulted in the adverse decision at the Expedited Hearing. If, in response to the employer's Rule .14(3)

---

[1] In its December 14, 2015 Continuance Order, this Court noted that Choice Foods' motion would be heard via teleconference on January 5, 2016. Choice Foods also included a notice of hearing containing instructions on how to participate in the teleconference in its motion. The notice erroneously listed the hearing date as "January 5, 2015."

motion, the injured worker does not resolve the evidentiary inadequacies in his or her claim or articulate a clear intent and method to do so, the Court may dismiss the injured worker's claim.

A party may only file a Rule .14(3) motion after the Court conducts an Expedited Hearing and denies the claim on the grounds of compensability. In this case, while the Court did not make an explicit finding in its Expedited Hearing Order that Mr. Syph's claim failed on the grounds of compensability, the Court's findings and conclusions of law accomplished the same effect.

Specifically, the Court began its analysis by explaining that an injury "must arise primarily out of and in the course and scope of employment." This Court further stated that proving compensability of a back injury required expert medical evidence. At the time of the hearing, Dr. Melvin Law, the authorized treating physician, opined he could not say within a reasonable degree of medical certainty whether Ms. Syph "suffered a new injury [or] . . . an exaggeration of her preexisting condition given that we have an inaccurate history." Pursuant to Tennessee Code Annotated section 50-6-102(13)(E) (2015), his opinion carries a presumption of correctness that can only be overcome by the presentation of contradictory expert medical proof. Because Ms. Syph presented no contradictory expert medical proof, the Court found she "cannot show that she suffered a compensable injury. Without an opinion linking her back condition to her work for Choice Foods, Ms. Syoh is unlikely to prevail at a hearing on the merits." While imprecisely worded, the effect is that the Court denied the claim on compensability grounds. To conclude otherwise would be an exercise of form over substance. *See Silas v. Brock Services,* No. 2014-02-0013, 2015 TN Wrk. Comp. App. Bd. 35, at *9 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2015).

As stated above, Choice Food's Rule .14(3) motion forced Ms. Syph to address the evidentiary inadequacies brought to light during the Expedited Hearing. To accomplish this, Ms. Syph needed to either produce an expert opinion to contradict Dr. Law or demonstrate a clear intent to do so. Ms. Syph did neither. Following the Expedited Hearing, the Court set this claim for an initial (scheduling) hearing to develop a discovery order. Ms. Syph did not attend the initial hearing. After she failed to attend, the Court continued the initial hearing pending a decision on Choice Foods' motion. Ms. Syph, however, failed to respond to Choice Foods' motion or participate in the motion hearing. Accordingly, this Court does not know whether Ms. Syph has obtained a contrary opinion to refute Dr. Law's causation opinion. The Court does, however, know that Ms. Syph failed to demonstrate intent to present a contrary opinion.

This Court acknowledges that, "Tennessee Court have long expressed a preference for deciding cases on the merits." *Smith v. The Newman Grp., LLC,* No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015.) At the same time, the general assembly emphasized "efficiency and timeliness

3

in the 2013 Workers' Compensation Reform Act." *Id.* In addition, "trial courts have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure efficient disposition of civil cases." *Id.*

In applying these principles, this Court concludes that it decided Ms. Syph's case on the merits at the Expedited Hearing. Based upon Ms. Syph's failure to articulate a clear intent to produce a contrary causation opinion that could alter the Court's original conclusions, that outcome is unlikely to change at a Compensation Hearing. In keeping with the lawmakers' intent when they enacted the 2013 reforms, and in exercising this Court's charge to control the pace of litigation and docket management to ensure the efficient disposition of cases, the Court finds it appropriate to dismiss Ms. Syph's claim.

Finally, Rule .14(3) is silent regarding whether a dismissal should with or without prejudice. The Court finds that Ms. Syph received a full and fair opportunity to present her case, but nonetheless failed to meet her burden. Furthermore, because Ms. Syph declined to participate in proceedings following the Expedited Hearing, it would seem contrary to the purposes of Rule .14(3), as well as the legislative intent of the 2013 reforms, to dismiss the matter, only to allow Ms. Syph to re-file her claim and force Choice Foods to make the very same arguments, expending additional time and resources. For this reason, and for the sake of judicial economy, the Court dismisses Ms. Syph's claim with prejudice.

The Court assesses the filing fee to Choice Foods, for which execution may issue as necessary.

IT IS SO ORDERED.

ENTERED ON THIS THE 13TH DAY OF JANUARY, 2016.

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b) (2015).

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a

docketing notice shall be sent to the parties. Thereafter, the parties have fifteen (15) calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3).

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 13th day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Deborah Syph | X | | | 608 Lane Court Nashville, TN 37207 |
| Michael Haynie | | | X | mhaynie@manierherod.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7